IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC L. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No. 19-cv-1347-MAB |
| DR. SIDDIQUI, | ) | |
| WEXFORD HEALTH SOURCES, INC. | ) | |
| STEVE RITZ, | ) | |
| RONALD SKIDMORE, | ) | |
| ZIMERMAN, | ) | |
| MOLDENHAUER, | ) | |
| NURSE OAKLEY, | ) | |
| JOHN/JANE DOES, and | ) | |
| JACQULINE LACHBROOK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Eric L. Hamilton, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at the Cook County Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plaintiff alleges that when he was housed at Menard Correctional Center ("Menard") Defendants were deliberately indifferent in treating diabetes-related swelling in his right foot, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Defendants' limited consent to the exercise of magistrate judge jurisdiction, as

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  During the first week of April 2018, Plaintiff, who is a diabetic, was experiencing pain and swelling in his right foot. Between April and June 2018, Plaintiff reported his symptoms to and sought treatment from Nurse Practitioner Moldenhauer, Dr. Siddiqui, Dr. Ritz, Nurse Oakley, and John/Jane Does (unknown nurses making rounds in Plaintiff's cellblock between April and June 2018). These officials failed to examine Plaintiff's foot, did not provide appropriate treatment, and/or delayed necessary medical care. Nurse Skidmore and Warden Lachbrook also contributed to the delay in medical care by providing false information in response to Plaintiff's grievances (Nurse Skidmore) and by failing to promptly address Plaintiff's June 12, 2018 emergency grievance (Warden Lachbrook).

On June 15, 2018, Dr. Siddiqui examined Plaintiff's foot and diagnosed him with a serious gangrene infection. Thereafter, Plaintiff was transported to an outside facility for emergency surgery and had his toe surgically amputated.

After surgery, Dr. Siddiqui, Dr. Ritz, Nurse Zimmerman, and Nurse Oakley

---

set forth in the Memoranda of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

withheld pain medication and antibiotics prescribed by Plaintiff's foot surgeon and otherwise failed to comply with the surgeon's post-operative directives. Nurse Skidmore provided false information in response to Plaintiff's grievances about the lack of post-operative care, and Warden Lachbrook denied Plaintiff's emergency grievances about the same, causing unnecessary pain and suffering and delaying necessary medical care. Nurse Zimmerman also threatened to place Plaintiff in segregation if he continued to file grievances about the inadequate post-operative care.

Finally, Plaintiff alleges he did not receive timely medical care because, pursuant to a policy put in place by Wexford Health Sources, Inc. ("Wexford"), medical staff cannot refer a patient for medical treatment without approval from Dr. Ritz, Wexford's corporate medical director.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

Count 1: **Eighth Amendment deliberate indifference claim against Moldenhauer, Siddiqui, Ritz, Oakley, John/Jane Does, Lachbrook, and Skidmore pertaining to the inadequate treatment Plaintiff received for his right foot from April 2018 until on or about June 15, 2018, when Plaintiff was referred for surgery.**

Count 2: **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for enacting a policy which prevented Plaintiff from receiving timely medical care.**

Count 3: **Eighth Amendment deliberate indifference claim against Siddiqui, Ritz, Zimmerman, Oakley, Skidmore, and Lachbrook pertaining to Plaintiff's post-operative medical care.**

**Count 4:**     **First Amendment retaliation claim against Zimmerman for threatening to have Plaintiff placed in segregation for filing grievances.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Count 1**

Plaintiff states a viable deliberate indifference claim in Count 1 against medical defendants Moldenhauer, Siddiqui, Ritz, Oakley, and John/Jane Does. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."); *see also Arnett v. Webster,* 658 F.3d 742, 753 -55 (7th Cir. 2011). Given the early stage of this litigation, Plaintiff also states a colorable deliberate indifference claim against Skidmore, to the extent that his alleged misrepresentations delayed Plaintiff's receipt of adequate treatment, and against Lachbrook and Skidmore to the extent that they knew Plaintiff was not receiving adequate medical care and turned a blind eye to the same. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015)("deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves,

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

condones, or 'turn[s] a blind eye' to it").

**Count 2**

Plaintiff states a viable claim in Count 2 against Wexford for its policies and practices. *See Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (Wexford may be liable if its policies or customs deny inmate's adequate medical care).

**Count 3**

Plaintiff's allegations pertaining to his post-operative care state a viable deliberate indifference claim against medical defendants Siddiqui, Ritz, Zimmerman, and Oakley. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016) (refusal to follow instructions from specialist may indicate deliberate indifference). Further, as with Count 1, Plaintiff states a colorable claim against Skidmore to the extent that his misrepresentations further delayed necessary medical care, and as to Skidmore and Lachbrook to the extent that they knew Plaintiff was receiving inadequate medical care and turned a blind eye to the same.

**Count 4**

At this stage, Plaintiff states a viable claim for retaliation against Zimmerman for threatening Plaintiff with segregation in retaliation for filing grievances. *See Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir. 2012).

### Unknown Defendants

The Court **ADDS** Anthony Wills (the current warden of Menard), in his official capacity only for the purposes of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th

Cir. 2009). Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of their generic designations in the case caption and throughout the Complaint.

## Disposition

Count 1 shall proceed against Moldenhauer, Siddiqui, Ritz, Oakley, John/Jane Does, Lachbrook, and Skidmore; Count 2 shall proceed against Wexford Health Sources, Inc.; Count 3 shall proceed against Siddiqui, Ritz, Zimmerman, Oakley, Skidmore, and Lachbrook; and Count 4 shall proceed against Zimmerman. Anthony Wills (official capacity only) is **ADDED** to the case for the sole purpose of identifying the unknown defendants.

The Clerk of Court shall prepare for Siddiqui, Wexford Health Sources, Inc., Ritz, Skidmore, Zimmerman, Moldenhauer, Oakley, Lachbrook, and Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not

known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because **Wills** is only in the case to identify the unknown defendants, he does not need to file an Answer. Further instructions on identifying the unknown defendants will be provided by separate order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  9/3/2020**

> s/ Mark A. Beatty
> **MARK A. BEATTY**
> **U.S. Magistrate Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**