IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. HAMILTON, #20200212182, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:19-cv-01347-SMY |
| ) | |
| MOHAMMED SIDDIQUI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Eric Hamilton filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This matter is before the Court on Defendant Moldenhauer's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies Concerning Count 1 of Complaint and Defendant Ritz's Partial Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies Concerning Count 3 of Complaint (Doc. 61). Plaintiff filed a response in opposition (Doc. 66). Given the undisputed facts set forth in the parties' written submissions, an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) is not necessary. For the following reasons, Defendant Moldenhauer's motion is **GRANTED** and Defendant Ritz's motion is **DENIED**.

## FACTS

Plaintiff makes the following allegations in the Complaint (Doc. 1) relevant to the issues in the motions: Plaintiff, who is a diabetic, was experiencing pain and swelling in his right foot and reported the symptoms to Nurse Practitioner Moldenhauer on April 3 and 10, 2018. Instead of examining his foot, Moldenhauer referred Plaintiff to Dr. Siddiqui, leaving Plaintiff to suffer in

pain for weeks without treatment. Dr. Ritz denied Plaintiff's requests to be seen by a foot specialist in April/May 2018 and again in early June 2018.

Dr. Siddiqui failed to expedite medical care; Plaintiff was not seen until May 4, 2018. At that time, Dr. Siddiqui failed to examine Plaintiff's foot or provide any medical treatment. Dr. Siddiqui finally examined Plaintiff's foot and diagnosed him with a serious gangrene infection on June 15, 2018. Plaintiff was subsequently transported to an outside facility for emergency surgery and had a toe surgically amputated. Dr. Ritz denied Plaintiff a follow-up appointment with the surgeon scheduled for June 22, 2018.

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims relevant to the motions:

| | | |
|---|---|---|
| Count 1: | | Eighth Amendment deliberate indifference claim against Moldenhauer, Siddiqui, Ritz, Oakley, Lashbrook, and Skidmore pertaining to the inadequate treatment Plaintiff received for his right foot from April 2018 until on or about June 15, 2018, when Plaintiff was referred for surgery. |
| Count 3: | | Eighth Amendment deliberate indifference claim against Siddiqui, Ritz, Zimmer, Oakley, Skidmore, and Lashbrook pertaining to Plaintiff's post-operative medical care. |

**Grievance Records**

There are seven grievances in the record pertaining to Plaintiff's claims of inadequate treatment for his right foot during the relevant time:

*Grievance 235-6-18, dated June 12, 2018 (Doc. 1, pp. 25-29; Doc. 62-1, pp. 2-3)*

Plaintiff states he has been suffering from pain in his right foot shooting into his leg since May 1, 2018. He has made several complaints to nursing staff during med rounds and Dr. Siddiqui during call line. He asked Dr. Siddiqui to send him to a foot specialist but Dr. Ritz

denied the request. He also asked Dr. Siddiqui to prescribe diabetic shoes but he refused, stating his shoes looked to be in good shape.

*Grievance 285-6-18, dated June 21, 2018 (Doc. 1, pp. 40-42; Doc. 62-2, pp. 2-3)*

Plaintiff complained about medical staff withholding his antibiotic for 48 hours after he had foot surgery.

*Grievances dated June 24, 2018 (Doc. 1, pp. 48-54; Doc. 62-2, pp. 4-5), June 28, 2018 (Doc. 1, pp. 38-39; Doc. 62-2, pp. 6-7), and July 6, 2018 (Doc. 1, pp. 43-44; Doc. 62-2, pp. 8-9) combined for consideration as Grievance 20-8-18 (Doc. 1, pp. 50-51; Doc. 66, p. 8)*

In the June 24 grievance, Plaintiff states that nursing staff failed to provide his pain medication as prescribed for seven days and medical staff refused to change his bandages.

In the June 28 grievance, Plaintiff states that Dr. Siddiqui, Nurse Practitioner Zimmer, Nurse Oakley, and Nurse Moll were involved in an attempt to remove his stitches in contradiction to the surgeon's orders to Menard medical staff "not to touch or remove wrapping and stitches." He also complains that Dr. Siddiqui failed to ensure that he was taken for his scheduled follow-up visit with the surgeon on June 22, 2018. In their investigation and response, grievance officials noted that Dr. Ritz did not approve Plaintiff's follow up to the podiatrist for June 22, 2018.

In the July 6 grievance, Plaintiff states that medical staff refused to clean the amputation site and change his bandages.

*Grievance 21-8-18, dated July 13, 2018 (Doc. 1, pp. 55-60; Doc. 62-2, pp. 10-11)*

Plaintiff complains about the conduct of Nurse Zimmer during a scheduled visit on July 13, 2018. He states that Nurse Zimmer refused to provide appropriate medical care, threatened him with a disciplinary ticket and segregation for writing grievances, and told him his nerve pain

medication had been discontinued because it was discovered that other inmates were abusing the medication.

### *Grievance 212-9-18, dated September 2, 2018 (Doc. 62-3, pp. 2-3)*

Plaintiff states that on September 2, 2018, Nurse Walters refused to treat on-going complications from his toe amputation unless he signed a co-pay voucher. He also states the grievance is directed at Wexford and the treating physicians for "all the wrongs they committed" regarding his follow-up outpatient care.

### **DISCUSSION**

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. Administrative exhaustion "means using all steps that the agency holds out and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Inmates in the Illinois Department of Corrections are required to follow the grievance process outlined in the Illinois Administrative Code. 20 Ill. Admin. Code § 504.800, *et seq*. (2017). Those regulations require an inmate to file his grievance with his

counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer ("CAO"). 20 ILL. ADMIN. CODE § 504.840. If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE § 504.840(c).

If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the ARB. 20 ILL. ADMIN. CODE §504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision. *Id.*

Additionally, to satisfy the administrative regulations, the grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). In other words, an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Plaintiff argues that he properly exhausted all grievances in the record, and therefore, the Court should not dismiss Moldenhauer or Dr. Ritz. The issue is whether those grievances exhaust Plaintiff's administrative remedies as to the particular claims asserted in the Complaint against these defendants. In that regard, Plaintiff submitted exhibits with his response and attached

grievance documents to his Complaint that are relevant to the Court's determination.[1]

### Defendant Moldenhauer's Motion for Summary Judgment as to Count 1

Plaintiff did not file a grievance within the 60-day time frame pertaining to any issues arising from his interactions with Moldenhauer on April 3 and 10, 2018. The first grievance submitted by Plaintiff regarding a denial of adequate treatment for his right foot is dated June 12, 2018, which is outside the 60-day window. Regardless of the timeliness of the grievance, significantly, it references the conduct of Dr. Siddiqui and Dr. Ritz only and does not mention Moldenhauer. Because the grievance did not provide prison officials sufficient notice as to any complaints about the care (or lack thereof) provided by Moldenhauer in early April 2018, Plaintiff failed to exhaust administrative remedies on his claim against Moldenhauer in Count 1. Accordingly, Moldenhauer's Motion for Summary Judgment as to Count 1 will be granted.

### Defendant Ritz's Partial Motion for Summary Judgment as to Count 3

In the June 28, 2018 grievance, Plaintiff complains that Dr. Siddiqui denied his follow-up visit with the surgeon on June 22, 2018. In their response to the grievance, grievance officials noted that Dr. Ritz did not approve his follow up to the podiatrist for June 22, 2018. (Doc. 1, pp. 50-51; Doc. 66, p. 8). As such, the grievance served its function of giving prison officials a fair opportunity to address Plaintiff's complaint; Plaintiff exhausted his administrative remedies with regard to the claim in Count 3 against Dr. Ritz.

### **CONCLUSION**

For the foregoing reasons, Defendant Moldenhauer's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies Concerning Count 1 of Complaint (Doc. 61)

---

[1] Defendants submitted Plaintiff's grievances without the grievance officer's responses. This omission is problematic as the responses are also relevant to the issue of whether a grievance served the function of giving prison officials a fair opportunity to address the inmate's complaints.

is **GRANTED**.   Defendant Moldenhauer is **DISMISSED** without prejudice; the Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

Defendant Ritz's Partial Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies Concerning Count 3 of Complaint (Doc. 61) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 15, 2022**

*s/ Staci M. Yandle*  
**STACI M. YANDLE**  
**United States District Judge**