IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. HAMILTON, #20200212182, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1347-SMY |
| | ) |
| DR. MOHAMMED SIDDIQUI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Eric L. Hamilton, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Specifically, Hamilton alleges Defendants were deliberately indifferent to his medical needs and retaliated against him.

Now before the Court is Plaintiff's Motion to Exclude Defendants' Expert Witness (Docs. 116, 117), which Defendants Dr. Mohammed Siddiqui, Dr. Stephen Ritz, Mary Jo Zimmer, and Wexford Health Sources, Inc. ("Wexford Defendants") oppose (Doc. 118). For the following reasons, the Motion is **DENIED**.

### Legal Standard

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. District courts have a "gatekeeping" obligation to ensure that expert testimony is both relevant and reliable. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (2003); *Lees v. Carthage College,* 714 F.3d 516, 521 (7th Cir. 2013). Essentially, the Court must consider three questions before admitting expert testimony: (1) is the expert qualified; (2) is the expert's methodology reliable; and (3) will the expert's testimony assist the trier of fact in understanding the

evidence or determining a fact in issue. *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). The party offering the expert testimony bears the burden of proof as to relevance and reliability. *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765, 772 (7th Cir. 2014) (citing *Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 705 (7th Cir. 2009)).

"A *Daubert* inquiry is not designed to have the district judge take the place of the jury to decide ultimate issues of credibility and accuracy." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012). "If the proposed expert testimony meets the *Daubert* threshold of relevance and reliability, the accuracy of the actual evidence is to be tested before the jury with the familiar tools of "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."" *Id.* (quoting *Daubert*, 509 U.S. at 596).

## Discussion

The Wexford Defendants retained Dr. Robert M. Joseph and an expert witness. Dr. Joseph presents two opinions in his expert report: (1) there was no delay in diagnosis of a bone infection in Mr. Hamilton's second right toe by Dr. Siddiqui; and (2) there was no significant deviation in the standard of care delivered by Dr. Siddiqui in the treatment of Mr. Hamilton's second toe bone infection that harmed Mr. Hamilton (Doc. 117-1). Plaintiff does not challenge Dr. Joseph's qualifications to serve as an expert. Rather, he seeks to limit his opinions to Dr. Siddiqui because they are irrelevant as to any other defendant, exclude his second opinion as irrelevant to Plaintiff's deliberate indifference claim, and exclude his first opinion as irrelevant, unreliable and more prejudicial than probative (Doc. 117).

First, Hamilton seeks to limit Dr. Joseph's opinions to the conduct of Dr. Siddiqui because Dr. Joseph admitted that he did not address the conduct of any other defendant. It appears, however, that that Plaintiff is actually requesting the Court to limit testimony by Dr. Joseph that merely provides context for his opinions regarding Dr. Siddiqui's conduct.. Dr. Joseph does not opine on the conduct

of any other defendants in his report or deposition testimony. As such, there is not basis for the Court to preemptively limit or narrow Dr. Joseph's testimony in this regard.

Next, Hamilton contends that Dr. Joseph's second opinion relates solely to post-operative care and should be excluded as to Plaintiff's claims against Dr. Siddiqui in Count 1. In Count 1, Plaintiff asserts a deliberate indifference claim for alleged inadequate treatment of his right foot from April 2018 until June 15, 2018. Dr. Joseph's second opinion is that Dr. Siddiqui did not deviate from the standard of care in treating Hamilton's right second toe bone infection. Specifically, Dr. Joseph opines that "Dr. Siddiqui promptly identified the possibility of gangrene and infection of Mr. Hamilton's second toe as described in Opinion 1." *Id.* at p. 9. While it appears that Dr. Joseph's second opinion as articulated in his report may address post-operative care which is irrelevant to Plaintiff's claim, it is unclear. Thus, the Court will not exclude the opinion at this juncture, but will require an offer of proof at trial prior to Dr. Joseph's testimony.

Hamilton also argues that Dr. Joseph's first opinion is irrelevant, unreliable, and should be excluded as being more prejudicial than probative. The Court disagrees. Dr. Joseph's first opinion lays out historical and factual rationale as to Dr. Siddiqui's evaluation and treatment of Hamilton before concluding that "Dr. Siddiqui's transfer of Mr. Hamilton to SIH on 6/15/18 was appropriate and expeditious hence there was no delay in diagnosis or treatment of Mr. Hamilton's second toe infection on 6/15/18." (Doc. 117-1 at pp. 7-8). The Court finds that Dr. Joseph's opinion is relevant to Hamilton's claims, and his opinion and testimony will assist the jury with its analysis of those claims.

As gatekeeper, the Court focuses solely on the principles and methodology of an expert's opinion, not on the conclusions they generate. *See Daubert*, 509 U.S. at 595. It is within the province of the jury to weigh the strength of the expert's conclusions. *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010) (criticisms of quality of testimony goes to weight of expert testimony, not admissibility). Here, the jury should be allowed to play its essential role as the arbiter of the weight and credibility of expert testimony. Hamilton may address the weight and credibility to

be afforded Dr. Joseph's opinions via cross examination, contrary evidence and experts, limiting instructions, and argument to the jury. There is no basis for this Court to specifically exclude Dr. Joseph's opinions as to the other defendants.

Lastly, Hamilton's conclusory statement that "…Dr. Joseph's testimony should also be excluded under Rule 403 because it would do nothing but confuse and mislead the jury concerning an issue immaterial to the actual claims in this case" (Doc. 117 at p. 9) is unsupported by any specific reference.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Exclude the Expert Testimony of Dr. Robert M. Joseph under Rules 403 and 702 (Docs. 116, 117) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 31, 2024**

**STACI M. YANDLE**
**United States District Judge**